## Charles Shattuck v. Joshua Foster.

*Evidence: Probabilities: Mortgages: Payment.* The preponderance of proof in this case is held to favor the case made by the bill, that the mortgages in question, which defendant was seeking to foreclose, had been drawn into a settlement and thereby paid. In a conflict of testimony, whether at a certain meeting, conceded to have taken place for the purpose of a settlement, one was really consummated, the fact that the defendant, though a money lender of moderate means, never, as he admits, sought another settlement or attempted to enforce his securities for about seven years thereafter, though his notes had in the meantime outlawed, but stood by and saw the premises sold, and the title warranted as unincumbered, without asserting any claim, is strongly against the probability of his having all along considered his lien a valid and subsisting one.

*Heard October 7.     Decided October 12.*

Appeal in Chancery from Cass Circuit.

*Edward Bacon,* for complainant.

*F. J. Atwell,* for defendant.

CAMPBELL, J:

Shattuck filed his bill to enjoin Foster from a statutory foreclosure of two mortgages, given by a former owner of the property of complainant, and claimed to be paid. The mortgages were given in 1862, for two hundred dollars each, both bearing interest at ten per cent., and payable, one in November, 1863, and one in September, 1863.

It is claimed that in 1865 Stansell, the mortgagor, had a settlement of all his matters with Foster, including a considerable amount of other dealings, and it was then agreed that the mortgages were fully paid, and should be discharged of record, but that no discharge was made.

Complainant purchased one of the parcels mortgaged, and paid the full value, and received from Stansell a full warranty deed in July, 1865.

There is a conflict of testimony upon the question of payment.

It appears by the testimony on both sides, that there was a meeting between Stansell and Foster some time in 1865, probably in August, to settle their accounts, and that both parties produced their statements. It also appears by all the testimony that the parties differed upon some matters, and that Stansell offered either fifty dollars or one hundred dollars to close up the matter. . Foster swears there was no final settlement made then or at any time. Stansell swears as positively that Foster finally accepted the fifty dollars, and completed the settlement, and agreed to discharge the mortgages, which were not then accessible. He is corroborated by Lucius R. Robinson, who swears to a full conversation with Foster concerning the settlement; also by Dolly Stansell, who swears to the payment of the money and Foster's promise to discharge the mortgages. The only other witness is D. W. Hurd, who did some of the figuring, but who does not appear to have been present through the entire dealings. He testifies concerning Stansell's offer, and that no settlement was concluded while he was there.

The preponderance of numbers is in favor of complainant's case, and there is nothing in the testimony which indicates that the witnesses are not fair and reputable. The circumstances also seem to favor the same view.

It is undisputed that the parties all met for the purpose of a settlement, and that upon the accounts as claimed by complainant the mortgages were paid. While Foster claims that there were incorrect items in the account, he does not show their extent, and swears that he cannot tell within one thousand dollars how much money he had lent to Stansell, although he thinks it would have been near two thousand dollars.

He was a money lender, and that was his chief business. But he testifies in answer to his own counsel's questions, that he never made any attempt to get another settlement; and he never attempted to enforce the notes and mortgages from that time until 1872, or about seven years. In the meantime all of his personal claims against Stansell, as well

as the notes, had become outlawed. It is very singular, if the matters had not been settled, that any creditor should act in this way, but more remarkable that a money lender of moderate means should do so.

There is also evidence indicating plainly, not only that complainant purchased a title warranted and supposed to be unincumbered, but that Foster was aware of the purchase, and allowed him to make it without warning, and allowed his remedy on the covenant against encumbrances to run during all this interval, while, according to his present claim, the mortgage debt had gone on accumulating with about ten years' unpaid interest.

Upon a comparison of the whole case, the probabilities are in favor of complainant's view of the facts, and the mortgages must be regarded as paid. The decree must be reversed, with costs of both courts, and a new decree entered for the discharge of the securities.

The other Justices concurred.